UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:14-CR-00012-TBR

UNITED STATES OF AMERICA                                                                                   Plaintiff,

v.

GARY OWEN JACKSON                                                                                         Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon several pretrial motions filed by Defendant Gary Owen Jackson that now stand ready for adjudication.[1] The Court will address each of Jackson's motions in turn.

### I.  Motion for Production of Notice of Government's Intention to Introduce 404(b) Evidence

Jackson first seeks an order compelling the Government to give notice of its intention to use evidence of his other crimes, wrongs, or bad acts at trial, pursuant to Federal Rule of Evidence 404(b). He requests that the Government immediately disclose this information. (Docket No. 31.)

Federal Rule of Evidence 404(b) requires that, on request by a defendant in a criminal case, the prosecutor must provide reasonable notice of the general nature of evidence of crimes, wrongs, or other acts that the prosecutor intends to offer at trial. This notice requirement "is intended to reduce surprise and promote early resolution on the issue of admissibility." Fed. R. Evid. 404(b) (advisory committee note) (1991 amend.) The Government acknowledges its obligations and states that it will comply with

---

[1] In several of his motions, Jackson indicated that he planned to file separate memoranda of law. As of the date of this opinion's entry, no such motions have been filed. Given that nearly thirty days have elapsed since Jackson filed the motions at issue and that the Government has responded in the absence of additional memoranda, the Court need not await such filings.

1

them. (Docket No. 43.) The Court finds that a fourteen-day notice period will afford Jackson adequate opportunity to utilize such evidence. As such, the Court will grant Jackson's Motion for Production and will order that the Government shall provide notice of Rule 404(b) evidence no later than fourteen days prior to trial.

## II. Motion for Disclosure of the Use of Out of Court Witness Identification

Jackson next asks the Court to require the Government to disclose whether he was the subject of any witness identification procedures. (Docket No. 32.) Specifically, he queries whether the Government utilized impermissibly suggestive procedures that may have led to mistaken identification. The Government responds that no impermissibly suggestive identification procedures were utilized. (Docket No. 44.) Accordingly, the Court will deny Jackson's motion as moot.

## III. Motion to Reveal Identities of Confidential Informants

Jackson further moves the Court to order the Government to disclose the identity of any confidential informant who may testify at trail. (Docket No. 33.) He relies upon *Roviaro v. United States*, 353 U.S. 53 (1977), wherein the Supreme Court discussed the scope of the Government's privilege to withhold the identities of informants. The *Roviaro* defendant repeatedly demanded disclosure of the informant's identity, but the Government neither issued such a disclosure nor called the informant as a trial witness. *Id.* at 56, 65. As such, the defendant lacked an opportunity to cross-examine the informant. Under these circumstances, the Supreme Court held, the district court erred in permitting the Government to withhold the informant's identity.

*Roviaro* acknowledged the Government's privilege to withhold the identity of a confidential informant but noted the privilege's limits. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 61 (citations omitted). The *Roviaro* rule,

however, does not confer an absolute right to disclosure. The Supreme Court emphasized the fact-specific nature of a district court's analysis:

> We believe no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62.

Significantly, *Roviaro* concerned an informant who never testified. In Jackson's case, however, the Government avers that it plans to call all participant-informants as witnesses at trial. (*See* Docket No. 45.) This crucial difference distinguishes the instant case from *Roviaro* and compels a different outcome. The Sixth Circuit and its lower courts have held that the Government need not issue a pretrial disclosure of an informant who will testify at trial. *See, e.g.*, *United States v. Perkins*, 994 F.2d 1184, 1190-91; *United States v. Brice*, 2009 WL 2043554, at *1 (W.D. Ky. July 9, 2009). "[W]here the informant testifies, the government need not have disclosed his identity prior to trial." *Id.* at 1190-91 (discussing *United States v. Pennick*, 500 F.2d 184, 186-87 (10th Cir. 1974)); *see also United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993) ("[A] defendant is not entitled to a list of the names and addresses of the government's witnesses.") (citing Fed. R. Crim. P. 16). Moreover, "[m]ere speculation about the possible usefulness of an informant furnishes a court with nothing to balance against maintenance of the privilege." *United States v. Bryant*, 951 F.2d 350, 1991 WL 256555, at *5 (6th Cir. 1991). Jackson merely wishes to determine whether the informants at issue could prove helpful to his case but has set forth no evidence that they could support his defense.

In light of these principles, the Court concludes that the Government need not disclose the informant's identity prior to trial. Therefore, the Court will deny Jackson's motion.

### IV.     Motion for Discovery Under Rule 16

Jackson next moves the Court to require the Government to comply with its obligations pursuant to Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. § 3500. (Docket No. 35.) The Government acknowledges its disclosure obligations and avers that it will satisfy them. (Docket No. 46.) Therefore, the Court will deny Jackson's motion as moot. The Court trusts that the Government will make any as-yet undiscovered *Brady* or Jencks Act material available to defense counsel in a timely fashion to allow for their effective use at trial. *See United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988). The Court strongly encourages early disclosure of such information.

### V.     Motion for Bill of Particulars

Jackson further requests that the Court order the Government to provide a bill of particulars but fails to specify what information he seeks. (Docket No. 36.) The Government objects to Jackson's motion, arguing that the indictment and various discovery materials adequately describe the basis of the charges against him. (Docket No. 47.)

> Federal Rule of Criminal Procedure 7(f) provides:
>
>> The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

The Sixth Circuit has explained that a bill of particulars is meant to be used as a tool to minimize surprise and assist a defendant in obtaining the information needed to prepare his defense and to preclude a second prosecution for the same crime. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976); *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965)). However, it does not serve as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial. *Id.* (citations omitted). Furthermore, a defendant is not entitled to discover all the overt acts that might be proven at trial. *Id.* (citing *United States v. Kilrain*, 556

F.2d 979, 985 (5th Cir. 1978)). The relevant inquiry is whether the defendant has enough information about the offense charged to enable him to prepare for trial adequately. *United States v. Graham*, 487 F. Supp. 1317, 1320 (W.D. Ky. 198) (citing 1 Wright, Federal Practice and Procedure: Criminal §129). A court does not abuse its discretion by denying a bill of particulars where a detailed indictment exists. *See Salisbury*, 983 F.2d at 1375; *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986).

Having reviewed the indictment, the Court finds that it recites with sufficient particularity the charges levied against Jackson. Moreover, the Government has disclosed additional information in its discovery materials. Accordingly, in light of the Government's assurance that such maters have either been provided or are forthcoming in discovery, the Court will deny Jackson's request.

**VI.     Motion to Dismiss**

The Court next turns to Jackson's motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b), arguing that it fails to state an offense. (Docket No. 37.) Jackson insists that the indictment fails to identify "any time, place, or action" related to the crime with which he is charged, leaving him unable to prepare a defense.

Federal Rule of Criminal Procedure 12(b)(3)(B) permits a defendant to file a motion alleging a defect or insufficiency in the indictment. An indictment must generally provide a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). An indictment properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010). If the indictment uses the statutory language of the offense to state the charge, it is presumed sufficient so long as such language "fully and ambiguously states all of the elements of the offense." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th

5

Cir. 1992)). Such a description must be accompanied by a statement of facts to inform the defendant of the specific offense with which he is charged. *Id.* (internal citation omitted).

Here, the indictment both sets forth the elements of the crime and adequately apprises Jackson of the charges against which he must defend. The three-count indictment alleges that Jackson "conspired and agreed with other persons . . . to knowingly and intentionally distribute" crack cocaine, cocaine hydrochloride, and marijuana in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. (Docket No. 1 at 1.) These charges track the language of the statutes: § 841(a)(1) makes it illegal to "knowingly or intentionally . . . distribute . . . a controlled substance," and § 846 subjects those who conspire to do so to the same penalties as those associated with the offense itself. Moreover, the indictment states the type of drug alleged in each count and approximates the quantity at issue: Jackson is accused of conspiring to distribute at least 280 grams of cocaine base, 5 kilograms of marijuana, and 1,000 kilograms of cocaine within the time period of June 1999 to June 2011. Although this is a broad timespan, the Court notes that "an indictment is to be construed liberally in favor of its sufficiency" and must be "read as a whole" with the Court accepting the factual allegations therein as true and in favor of the Government. *McAuliffe*, 490 F.3d at 531 (internal citations omitted). Therefore, the indictment properly informs Jackson of the offenses stated therein and the events upon which the charges are founded. Therefore, the Court will deny his motion to dismiss.

**VII.     Motion to Dismiss Under Statute of Limitations**

Jackson next moves the Court to dismiss the indictment based upon the relevant statute of limitations. The indictment was returned on June 17, 2014; Jackson argues that given the five-year limitations period established by 18 U.S.C. § 3282, any conduct that occurred before June 17, 2009, is time-barred. (Docket No. 38.) "[N]ormally the date of the last overt act in furtherance of the conspiracy alleged in the indictment begins the clock of purposes of the five-year statute of limitations." *United States v. Smith*, 197 F.3d 225 (6th Cir. 1999). The Government states—and the indictment suggests—that the last overt act in furtherance of the conspiracies occurred in 2011. (Docket No. 49.) Moreover, the

Court notes that the Government's failure to identify an overt act is not fatal, as an indictment charging a conspiracy under §846 need not allege an overt act. *See United States v. Dempsey*, 733 F.2d 392, 394-96 (6th Cir. 1984). The Court will therefore deny Jackson's motion.

### VIII.     Motion to Dismiss for Pre-Indictment Delay

Finally, the Court will address Jackson's Motion to Dismiss for Pre-Indictment Delay. (Docket No. 39.) As stated above, the indictment alleges that Jackson participated in a conspiracy between June 1999 and June 2011; the indictment was returned on June 17, 2014. (*See* Docket No. 1.) The Government responds that the three years between the alleged conspiracy and the filing of the indictment were devoted to investigation of the case. (Docket No. 50.)

The Court may dismiss a matter for prejudicial delay "only when the defendant shows substantial prejudice to his right to fair trial and that the delay was an intentional device by the government to gain a tactical advantage." *United States v. Greene*, 737 F.2d 572, 574 (6th Cir. 1984) (quoting *United States v. Brown*, 667 F.2d 566 (6th Cir. 1982)). Here, Jackson has identified no prejudice associated with the indictment's delay. Moreover, he has noted no evidence of dilatory tactics on the prosecution's part. Jackson does not contest that the prosecution engaged in investigation during this time, nor does he state any basis to support that the prosecution purposefully delayed the indictment to create an advantage at trial. Because Jackson has presented no evidence that any delay was an intentional tactic by the prosecution, dismissal for delay is improper. *See id.*; *United States v. Atisha*, 804 F.2d 920, 928 (6th Cir. 1986) (citing *United States v. Lovasco*, 431 U.S. 783, 791 (1977); *United States v. Duncan*, 763 F.2d 220, 222 (6th Cir. 1985).

### Conclusion and Order

For the reasons set forth above, IT IS HEREBY ORDERED that Jackson's Motion to Produce, (Docket No. 31), is GRANTED. The Government shall provide notice of Rule 404(b) evidence no later

than fourteen days prior to trial. IT IS FURTHER ORDERED that Jackson's remaining motions, (Docket Nos. 32, 33, 35, 36, 37, 38, and 39), are hereby DENIED.