UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:14-CR-00012-TBR

UNITED STATS OF AMERICA,                                                                              Plaintiff,

v.

GARY OWEN JACKSON, JR.,                                                                              Defendant.

### MEMORANDUM OPINION AND ORDER

In anticipation of the September 15, 2015 in-person status hearing scheduled for this matter, the Government moves the Court to conduct a colloquy with Defendant Gary Owen Jackson, Jr. (Mot. Pursuant to *Lafler v. Cooper* and *Missouri v. Frye*, ECF No. 61.)[1] Citing to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), the Government suggests that this colloquy ought to touch on two issues: First, the Government moves the Court to make a specific record of the formal plea offer from the United States to the Defendant, including the content of the formal plea offer. (Gov't Mot. at 4.) Second, the Government asks that the Court *voir dire* the Defendant in an *ex parte* setting to ascertain his reason for rejecting the Government's offer should he in fact do so. (*Id.*) For the reasons that follow, the Government's Motion (ECF No. 61) is **GRANTED IN PART** and **DENIED IN PART**.

### DISCUSSION

The Government proposes to introduce its formal plea offer into the record at the September 15 in-person status hearing, (*id.* at 2), and the Court sees no error in granting that request. In *Missouri v. Frye*, the Supreme Court recognized that defense counsel's failure to

---

[1] The Defendant's Response is not due until September 21, 2015, which is the date that this matter is set for trial. (*See* Order of Aug. 26, 2015, ECF No. 54.)

1

communicate a formal plea offer may constitute ineffective assistance of counsel. 132 S. Ct. at 1408–09. "To guard against such claims, the Supreme Court has suggested that 'formal offers . . . be made part of the record . . . before a trial on the merits, . . . to ensure that a defendant has been fully advised before those . . . proceedings commence.'" *United States v. Braxton*, 784 F.3d 240, 241 n.1 (4th Cir. 2015) (quoting *Frye*, 132 S. Ct. at 1409); *accord United States v. Edwards*, 606 F. App'x 851, 853 (7th Cir. 2015) (unpublished order) ("As suggested by the Court in *Frye*, the government here disclosed the plea offer in open court, thereby ensuring that Edwards was fully advised of it." (citing *Frye*, 132 S. Ct. at 1409)). Following the Supreme Court's instruction in *Frye*, the Court will allow the Government to introduce its formal plea offer into the record in open court.

Beyond that, the Court will do no more than Federal Rule of Criminal Procedure 11 allows. The plain text of Rule 11 provides: "An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. The court must not participate in these discussions." Fed. R. Crim. P. 11(c)(1). "Under Rule 11, the judge's role is limited to acceptance or rejection of the plea agreement after a thorough review of the relevant factors; the judge should not participate in the plea bargaining process." *United States v. Ushery*, 785 F.3d 210, 219 (6th Cir. 2015) (quoting *United States v. Harris*, 635 F.2d 526, 528 (6th Cir. 1980)) (internal quotation marks omitted). That prohibition includes participation "either with counsel or in the presence of the defendant," *United States v. Thompson*, 770 F.3d 689 (8th Cir. 2014) (quoting *United States v. Nesgoda*, 559 F.3d 867, 869 (8th Cir. 2009)) (internal quotation marks omitted), however well-intentioned it might be, *United States v. Harrell*, 751 F.3d 1235, 1240 (11th Cir. 2014).

Nothing in *Frye* displaces the restraints imposed on the Court under Rule 11. As the Fourth Circuit Court of Appeals recently summarized:

> Nor, contrary to the government's suggestion, does *Frye* require a district court to satisfy itself of the intelligence of a defendant's decision to exercise his right to trial instead of accepting a plea offer. *Frye* and its companion case, *Lafler v. Cooper*, concern the duty of *defense counsel* to advise their clients regarding formal plea offers; they do not obligate or permit judges to give advice to defendants on whether to accept such agreements. . . . [T]he district court, as described above, fulfilled its role under *Frye* by memorializing the offer on the record at the government's request . . . . Nothing more was required or justified by *Frye*.

*Braxton*, 784 F.3d at 247 (citation omitted). Therefore, the Court will not hold an *ex parte* hearing to inquire as to the Defendant's rationale should he reject the Government's plea offer.

## CONCLUSION AND ORDER

For the reasons discussed above, and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that the United States' Motion Pursuant to *Lafler v. Cooper* and *Missouri v. Frye* (ECF No. 61) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Date:

cc:   Counsel of Record